**Opinion issued April 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00580-CR

_____

**LEWIS MARK KRONNICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Court Case No. 21727**

---

## MEMORANDUM OPINION

A jury found appellant, Lewis Mark Kronnick, guilty of the offense of

failure to comply with sex offender registration. *See* TEX. CODE CRIM. PROC. ANN.

art. 62.102(a) (West Supp. 2013). The trial court sentenced appellant to fifteen years' confinement. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

In his pro se response, appellant complains of jurors that were not selected to serve on the jury in appellant's case. Appellant also asserts claims for ineffective assistance of counsel based on trial counsel's alleged failure to make objections and trial counsel's allowance of harmful testimony into evidence. Appellant also

argues that his trial counsel was ineffective because counsel was handling other cases at the same time as appellant's case. Finally, appellant asserts that his appellate counsel did not properly review the appellate record and therefore appellant claims ineffective assistance of appellate counsel as well.

We have independently reviewed the entire record in this appeal, and we conclude that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Stephen Christopher Taylor must immediately send the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).